IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 2:98-CR-0004 (02) |
| | § | |
| LONNIE OLIVER, JR. | § | |

### REPORT AND RECOMMENDATION TO DISMISS DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Defendant has filed with this Court a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. For the reasons hereinafter expressed, the undersigned United States Magistrate Judge is of the opinion defendant's motion to vacate, set aside or correct sentence should be DISMISSED.

I.
PROCEDURAL HISTORY

On September 15, 1998, defendant LONNIE OLIVER, JR. was convicted, pursuant to his guilty plea, of the offense of bank robbery and was sentenced to 24 months imprisonment in the United States Bureau of Prisons (BOP), and a 3-year period of supervised release. Defendant's appeal of his conviction and sentence was ultimately dismissed by the United States Court of Appeals for the Fifth Circuit.

At some point thereafter, defendant was released from the BOP and began serving his 3-year term of supervised release. On May 3, 2004, this Court revoked defendant's supervised release and

sentenced defendant to a 12-month term of imprisonment in the BOP.[1]  Defendant subsequently filed with this Court a pleading wherein he sought credit toward his 12-month sentence for a 90-day pre-sentence period during which he was on "home confinement" or "home detention."[2]  Defendant indicated on the form pleading, by checking a box, that his pleading was a "Motion to Reduce or Correct Sentence Pursuant to Rule 35, Federal Rules of Criminal Procedure."  Defendant's pleading, however, had been filed as a "Motion to Vacate, Correct or Reduce Sentence" pursuant to 28 U.S.C. § 2255.

Defendant was directed to submit to the Court a pleading stating whether he was seeking relief pursuant to Rule 35 of the Federal Rules of Criminal Procedure <u>or</u> was seeking relief pursuant to 28 U.S.C. § 2255.  In response, defendant submitted an advisory indicating he was seeking relief pursuant to 28 U.S.C. § 2255.  In that advisory, defendant reurged his request for a 90-day credit toward his 12-month sentence assessed upon revocation of his supervised release, but also attempted to add a new ground seeking relief from his original conviction and 24-month sentence under *Blakely v. Washington*.  Defendant also submitted an "Amended Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct" sentence wherein he appeared to challenge the 12-month sentence upon revocation of supervised release by raising additional grounds including abuse of the Court's discretion, fundamental unfairness, and violations of defendant's liberty interests.  Defendant also challenged this Court's order of restitution in the judgment, urging racial discrimination on the part of the Court.  In his amended motion, defendant also appeared to challenge his original conviction and 24-month sentence by reurging error under *Blakely*, but

---

[1] A date defendant avers, in a subsequent pleading, was only 24 days before the completion of his term of supervised release.

[2] In a subsequent pleading, defendant indicated his supervision was modified in June of 2003 due to an April 23, 2003 misdemeanor D.W.I. arrest and that such modification required a 90-day jail restriction (home confinement), drug treatment, mental health treatment, and random U/A testing.  Defendant indicated he successfully completed the programs.

adding multiple new grounds.

Upon review of defendant's pleadings, it appeared most of the challenges defendant made regarding his original conviction and 24-month sentence were barred by the 1-year statute of limitations of 28 U.S.C. § 2244(d)(1), were without merit, or were moot because of defendant's discharge of said sentence. It also appeared defendant's request for a 90-day credit toward his 12-month sentence was moot because defendant had also discharged that sentence. Consequently, on April 18, 2006, defendant was ORDERED to file an advisory with this Court indicating whether he wished to continue to pursue relief in this case. Defendant was instructed to set forth any reasons why his claims are not barred by the statute of limitations, are not moot, or are not without merit. Such advisory was ordered to be filed with the United States District Clerk **on or before May 3, 2006**, and defendant was warned that failure to timely file such advisory would result in the dismissal of this action without further notice.

On May 1, 2006, the copy of the April 18, 2006 Order forwarded to defendant was returned to this Court, undelivered, with the notation, "Returned to Sender; Refused." Consequently, as of this date, defendant has not complied with the Order by filing any pleading or advisory. Nor has defendant provided this Court with any change of address. Further, defendant has not communicated with this Court since February 18, 2005. It is the opinion of the undersigned that petitioner has neglected his case to such an extent that it warrants dismissal.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by defendant LONNIE OLIVER, JR. be DISMISSED.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to defendant and each attorney of record by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 4th day of May 2006.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* <u>**NOTICE OF RIGHT TO OBJECT**</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).