**FILED**

**JUNE 30, 2010**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| LONNIE OLIVER, JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:98-CR-0004 (02) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO
DENY DEFENDANT'S MOTIONS FOR RELIEF FROM JUDGMENT**

Defendant Lonnie Oliver, Jr. initially filed a motion pursuant to Federal Rule of Civil

Procedure 60(b) seeking relief from a final judgment, and then filed a pleading entitled "Amend

Motion to Re-open 28 U.S.C. 2255 Pursuant to Rule to Fed.R.Civ.P. 60(b)(4), (6), and Rule

60(d)." These motions were filed on July 17, 2009, and on February 16, 2010, respectively.

Construing Oliver's February 16, 2010 motion as an amendment to the earlier motion, the

Court will address both motions in this Report and Recommendation.

In 1998, defendant Oliver was convicted and sentenced in criminal case number 2:98-

CR-0004, of the offense of bank robbery in violation of Title 18 of the United States Code,

section 2113(b). Oliver pled guilty to that offense on May 19, 1998, and on September 14, 1998,

was sentenced to the Bureau of Prisons for a term of twenty four months with a three year term

of supervised release to follow. Oliver's conviction and sentence were affirmed on direct appeal.

On February 27, 2004, a warrant issued based on allegations defendant Oliver had

violated the conditions of his supervised release. On May 3, 2004, the District Judge found

defendant Oliver had violated the conditions of his supervised release and judgment was entered revoking his supervised release and sentencing him to the Bureau of Prisons for a term of twelve months.

On August 30, 2004, Oliver filed a motion to vacate under 28 U.S.C. § 2255, which was dismissed on May 23, 2006. The dismissal was based upon Oliver's failure to respond to Court orders requiring him to provide information regarding his motion to vacate and failure to provide the Clerk with his current address. Over ten years after his conviction and three years after his section 2255 motion to vacate had been dismissed, Oliver filed his Rule 60(b) motion for relief on July 17, 2009, followed by his amended motion.

During the pendency of Oliver's section 2255 motion to vacate, orders issued which required Oliver to provide, among other things, any information or argument as to why his motion to vacate was not barred by the applicable statute of limitations and, secondly, to provide information why his motion to vacate was not moot as a result of his no longer being in custody on his 1998 bank robbery conviction. Oliver failed to provide that information in 2006 and has not provided any information in his current Rule 60 motions indicating he is "in custody" as a result of his bank robbery conviction out of this Court. Since Oliver, upon revocation of his supervised release, was sentenced to a term of twelve months custody in May 2004, it would appear he has completely discharged the bank robbery sentence assessed in Amarillo Division case number 2:98-CR-0004. Since Oliver is no longer in custody, he is not entitled to relief under 28 U.S.C. § 2255, and any Rule 60 motion to reopen his prior motion to vacate, is without merit.

Defendant Oliver is no longer "in custody" pursuant to his criminal conviction in cause number 2:98-CR-0004. Since Oliver is no longer "in custody," he is not entitled to relief under

28 U.S.C. § 2255.  Therefore, his July 17, 2009 Rule 60(b) motion, and his February 16, 2010

Rule 60 motions to reopen his motion to vacate should be denied.

IT IS SO RECOMMENDED.

ENTERED this <u>30th</u> day of June, 2010.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).